IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTONIO T. WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-063 |
| | ) | |
| COMMISSIONER C. DOZER DOZER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Augusta State Medical Prison in Grovetown, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.    SCREENING OF THE COMPLAINT**

    **A.    BACKGROUND**

On February 27, 2019, Plaintiff submitted a petition for writ of habeas corpus under 28 U.S.C § 2254. Walton v. Philbin, CV 119-027 (S.D. Ga. Feb. 27, 2019). However, upon initial review of Plaintiff's filings, the Court was unable to determine whether he was attempting to assert a petition for habeas corpus relief or a civil rights claim pursuant to 42 U.S.C. § 1983. Id., doc. no. 5. On March 21, 2019, the Court ordered Plaintiff to clarify whether he was intending to proceed with a habeas corpus petition or a § 1983 complaint.

Id.  The Court directed the Clerk to include the form habeas petition and civil complaint, giving Plaintiff the option of bringing both claims if he wished.  (Id.)

Rather than return the forms as instructed, Plaintiff filed a motion to amend and included nine pages of facts completely unrelated to his initial filing.  Id., doc. no. 6.  On April 19, 2019, the Court denied as moot Plaintiff's motion to amend and again instructed him to provide the proper forms of the claims in which he intends to bring because Plaintiff failed to provide the forms as instructed.  Id., doc. no. 8.  On April 25, 2019, prior to receiving the Court's April 19th Order, Plaintiff returned both the form habeas petition and the form complaint, which was docketed as the present civil case.  Id., doc. no. 14; (doc. no. 1.)  On May 1, 2019, likely responding to the Court's April 19th Order, which he did not receive prior to filing his original complaint, Plaintiff filed what was docketed as an "amended complaint."  (Doc. no. 4.)  Because of the delay in time between Plaintiff's filings and the Court's orders, along with the complexity of separating Plaintiff's habeas petition from the current case, the Court considers all allegations in both Plaintiff's original complaint and amended complaint.

In his original complaint Plaintiff names as Defendants: (1) Commissioner C. Dozer Dozer; (2) Stan Shepard; (3) Edward Philbin; (4) Reed LNU; (5) FNU Purti; (6) FNU Trimer; (7) FNU Lee; (8) FNU Hubert; (9) FNU Jackson; (10) Lt. Franklin; (11) FNU Harplo; (12) FNU Harbby; (13) Donna Young; (14) FNU Mayo; (15) Deputy Warden McNeal; (16) NFU Murphy; (17) Lt. Johnson; (18) FNU Cambal; (19) FNU Coodey; (20) Cert Ingeaneral; (21) C/O II Cain; and (22) FNU Karpfe.  (Doc. no. 1.)  In his amended complaint Plaintiff only names Warden Edward Philbin as a Defendant.  (Doc. no. 4.)  Taking all of Plaintiff's allegations as true, as the

2

Court must for purposes of the present screening, the facts are as follows.

In his original complaint, Plaintiff fails to make any factual allegations, and, instead, leaves the "Statement of Claim" portion of the form § 1983 complaint entirely blank. (Doc. no. 1, pp. 4-5.) Plaintiff does allege generally Constitutional rights under Amendments I, III, IV, VI, VII, IX in a different section of the form. (Id. at 3-4.) Plaintiff also includes two attachments to his complaint, which are largely intelligible or repetitive. Of the legible portions, Plaintiff continually requests $25,000,000,000,000, quotes the United State Constitution, and includes a duplicate list of Defendants. (See generally doc. nos. 1-1, 1-2.)

In his amended complaint, Plaintiff again generally state his Constitutional rights under Amendments I, III, IV, VI, VII, IX were violated. (Doc. no. 4, pp. 3-4.) He further states he is requesting $25,000,000,000,000 for "systematic injustice" and release from imprisonment based on events occurring from 2011-2019. (Id. at 5.) Lastly, Plaintiff alleges "false statements [were] made by [the] alleged victim" in his underlying criminal conviction. (Id. at 11.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."

Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2. Plaintiff Fails to State a Claim Against Defendants Because His Allegations Are Frivolous

A claim is frivolous where "it relies on factual allegations that are 'clearly baseless,' which includes allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Gary v. United States Gov't, 540 F. App'x 916, 917 (11th Cir. 2013) (citing Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)). Stated otherwise, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Id. Additionally, the Eleventh Circuit has held that a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Plaintiff's claims are clearly frivolous because Plaintiff fails to allege any facts, or causes of action, or associate any Defendant with a constitutional wrong. Plaintiff merely cites to the United States Constitution, quotes some Amendments, and makes bare assertions of "systematic injustice" without giving any facts. Thus, Plaintiff's complaints fall well short of the pleading standards announced in Iqbal and Twombly. At best, Plaintiff appears to allege the victim in his underlying criminal case, who is not named as a defendant, committed perjury at trial, and Plaintiff wishes to challenge his conviction. However, under Heck v. Humphrey, 512 U.S. 477, 487 (1994), Plaintiff may not proceed with a § 1983 claim for damages where success would necessarily imply the unlawfulness of the sentence.

Therefore, Plaintiff's complaints are clearly baseless and should be dismissed for failure to state a claim.

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 11th day of July, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA